IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NEVIYEBEL CINTRON-ALONSO,

　Plaintiff,

　v.

GSA CARIBBEAN CORPORATION

　Defendants

CIVIL NO. 08-1450 (SEC)

**OPINION AND ORDER**

Pending before the Court is a "Motion to Dismiss and Memorandum in Support Premised Upon, Rule 12(b)(1) and (6), and Summary Judgment Rule 56(b) and (c)" (Docket # 10) submitted jointly by co-defendants GSA Caribbean Corporation ("GSA"), Edgardo Gorils Zapata ("Gordils"), Norma Serrano Melendez ("Serrano"), and the Gordils-Serrano conjugal partnership (collectively "Defendants"). Plaintiff has filed a timely opposition thereto (Docket # 14). After reviewing the parties' filings, the evidence in the record and the applicable law, for the reasons explained below, Defendants' Motion to Dismiss is **GRANTED in part and DENIED without Prejudice in part**.

**Standard of Review**

Defendants have filed a motion that they purport to be both a motion to dismiss and a motion for summary judgment. They have attached a supporting statement of material facts in accordance with Local Rule 56(b). However, in this case, the pertinent factual controversy relates to a jurisdictional threshold issue regarding whether GSA had a sufficient number of employees at the time of the alleged discriminatory acts to qualify as an employer under Title VII. See 42 U.S.C. § 2000e(b). The First Circuit has established that, "[t]he attachment of exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 motion. While the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may

consider such materials on a Rule 12(b)(1) motion, such as the one in this case." Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. Mass. 2002). Because the pith of Defendants' motion is based on factual assertions regarding this Court's jurisdiction, the motion will be considered under FED. R. CIV. P 12(b)(1), and FED. R. CIV. P 12(b)(6) for those arguments related to Plaintiff's failure to state a claim.

FED. R. CIV. P 12(b)(1)

FED. R. CIV. P 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). Under this rule, a wide variety of jurisdictional defenses may be asserted, among them those based on sovereign immunity, ripeness, mootness, and the existence of a federal question. Id.(citations omitted). When faced with a jurisdictional challenge, this Court must ". . . give weight to the well-pleaded factual averments in the operative pleadings [. . .] and indulge every reasonable inference in the pleader's favor." Aguilar v. U.S. Immigration and Customs Enforcement Div. of Dept. of Homeland Sec., 510 F.3d 1, 8 (1st Cir. 2007).However, a plaintiff faced with a motion to dismiss for lack of subject matter jurisdiction has the burden to demonstrate that such jurisdiction exists. See Lord v. Casco Bay Weekly, Inc., 789 F. Supp. 32, 33 (D. Me. 1992); see also SURCCO v. PRASA, 157 F. Supp. 2d 160, 163 (D. P.R. 2001).

As mentioned above, this Court is empowered to resolve factual disputes by making reference to evidence in the record beyond the plaintiff's allegations without having to convert the motion to dismiss into one for summary judgment. Id. "Where a party challenges the accuracy of the pleaded jurisdictional facts, the court may conduct a broad inquiry, taking evidence and making findings of fact." Hernández-Santiago v. Ecolab, Inc., 397 F. 3d 30 (1st Cir. 2005). Therefore, this Court may consider extrinsic materials, "and, to the extent it engages in jurisdictional fact-finding, is free to test the truthfulness of the plaintiff's allegations." Dynamic Image Technologies, Inc. v. U.S., 221 F. 3d 34, 38 (1st Cir. 2000). That is, the principle of conversion of a motion to dismiss into a motion for summary judgment when

extrinsic materials are reviewed, does not apply in regards to a motion to dismiss for lack of subject matter jurisdiction. Id.

FED. R. CIV. P12(b)(6)

In assessing whether dismissal for failure to state a claim is appropriate, a court must take "plaintiffs' well-pleaded facts as true and [indulge] all reasonable inferences therefrom to their behoof." Buck v. American Airlines, Inc., 476 F. 3d 29, 32 (1st Cir. 2007). "In conducting that tamisage, however, bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." Id. at 33; see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1967-1968 (2007). Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007).

Although the standard of review under Fed.R.Civ.P. 12(c) and 12(b)(6) is generally limited to the facts stated on the face of the complaint, a court may also consider documents appended to the complaint, documents incorporated by reference, and matters of which judicial notice can be taken. See Allen v. Westpoint-Pepperel, Inc., 945 F.2d 40, 44 (2nd Cir.1991); Kramer v. Time Warner, 937 F.2d 767 (2nd Cir.1991).

**Background and Relevant Material Facts**

Plaintiff worked as a receptionist for GSA between August of 2005 and June 28, 2006. See Docket # 3, ¶¶ 13 & 29. Gordils and Serrano are executive officers of GSA, and were Plaintiff's direct supervisors. On June 21, 2006, Plaintiff informed Serrano of her pregnancy. See Docket # 3, ¶ 19. Allegedly, Serrano reacted angrily upon hearing the news, and informed Plaintiff that she was not entitled to any pregnancy related benefits, and referred her to Gordils. After this, the work environment allegedly changed for the worse, and GSA tried to change her position to that of insurance agent supervisor, which would have allegedly forced her to work

"on the street," stripped her of maternity leave, and shifted her compensation exclusively to commissions. See Docket # 3, ¶ 20-21. After she refused the move, Gordils and Serrano became upset, and during a series of meetings were hostile towards her. See Docket # 3, ¶ 26-28. At a final meeting, after insisting Plaintiff change positions against her will, Gordils announced her dismissal from GSA. See Docket # 3, ¶ 9.

Plaintiff seeks redress for pregnancy and sex discrimination from Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq and 42 U.S.C. § 1981A, Article II of the Constitution of the Commonwealth of Puerto Rico, and various supplemental Commonwealth statutes premised on the same alleged actions, to wit: Law 100 of June 30, 1959, P.R. Laws Ann. tit. 29, § 146 (sex discrimination); Law 69 of July 6, 1985, P.R. Laws Ann tit. 29, § 1321 (sex discrimination); Law 80 of May 30, 1976, P.R. Laws Ann. tit. 29, § 185a (unjust dismissal); Law 3 of March 13, 1942, P.R. Laws Ann. Tit. 29, § 469 (pregnancy discrimination); and Articles 1802 and 1803 of the P.R. Civil Code, 31 L.P.R.A. § 5141 and § 5142. See Docket # 3.

Gordils and Serrano admit that, at all relevant times, they were the executive officers of GSA. See Docket 11 at 2; D.S.U.M.F., ¶ 4-5. However, Defendants also allege that at no time did GSA maintain an employment relationship with more than fifteen (15) employees. D.S.U.M.F., ¶ 6. To substantiate this claim, they provide their quarterly filings with the Puerto Rico Department of Labor and Human Resources. See Docket # 11-2, Exh. 6. Defendants argue that GSA is not an employer under 42 U.S.C. 2000e(b), because it has less than the statutory minimum of fifteen (15) employees. Docket # 10 at 8; Exh. 6. In fact, they allege that the number of employees fluctuated between two and six. Accordingly, they seek dismissal.

Plaintiff does not contest the authenticity of the documents used by Defendants, but she makes the counter allegation that GSA had many more than 15 insurance agents, and that these were employees, despite not being included in GSA's filings with the Puerto Rico Department of Labor. See Docket # 14-2, Exh. 1. The only documents in this Court's possession are the

employee lists submitted by Defendants, and Plaintiff's assertoric statement that she observed more than fifteen (15) employees working at GSA during the period relevant to this suit. Plaintiff also argues that Gordils and Serrano are employees of GSA for the purpose of Commonwealth statutes Law 3, Law 69, and Law 100. See Docket # 14 at 7-8. However, the administrative complaint with the EEOC was only filed against GSA. D.S.U.M.F., ¶ 6; Exh. 8.

Gordils and Serrano did not receive individual notification of said complaint. D.S.U.M.F., ¶ 9-10. As such, these co-defendants allege that they were not given proper notice, and that the claims against them were not tolled. Hence, both Plaitntiff's federal and Commonwealth claimes were time barred when she filed the present Complaint in 2008, more than a year after her employment with GSA terminated. Conversely, Plaintiff avers that her EEOC filing mentions Gordils and Serrano, who are executive officers of GSA, and thus, they were given de facto notification of the EEOC complaint. She maintains that her timely EEOC complaint constituted a valid extrajudicial claim, effectively tolling her claims under Title VII and Commonwealth law.

**Applicable Law and Analysis**

Title VII and State Law Claims against the Individual Defendants

Gordils, Serrano, and their conjugal partnership, allege that Title VII does not apply to them, because they were not Plaintiff's employers in the statutory sense of the word. Furthermore, they posit that Title VII does not provide for individual liability. This Court agrees that it is settled law in this district that ". . . no personal liability can be attached to agents or supervisors under Title VII." Gonzalez v. Guidant Corp., 364 F. Supp. 2d 112, 115 (D.P.R. 2005); Rochet Canabal v. Aramark Corp., 48 F. Supp. 2d 94, 96-97 (D.P.R. 1999). Accordingly, a complaint must be dismissed in as much as it seeks to impose liability on individual supervisors. Anonymous v. Legal Servs. Corp., 932 F. Supp. 49, 51 (D.P.R. 1996). This is in harmony with the First Circuit's recent affirmation ". . . that there is no individual employee liability under Title VII." Fatini v. Salem State College, No. 07-2026, slip. op. at 15 (1st Cir.

Feb. 23, 2009). As such, all Title VII charges against Gordils and Serarano as individuals are **DISMISSED**.

One of Gordils and Serrano's grounds for requesting dismissal of the Title VII claims is that they allege Plaintiff had to name them in her EEOC complaint in order to include them in this lawsuit. Plaintiff contends that they were brought in de facto for both the federal and the Commonwealth law claims, because the body of the complaint referred to them. See Docket # 14 at 13. However, given that Title VII claims for sex discrimination are against an employer, and not individuals, it is not reasonable to conclude that an EEOC charge against GSA would have also tacitly included Gordils and Serrano, even though they were identified as her supervisors. Nevertheless, this argument is moot as to Title VII. However, it still is applicable to Plaintiff's Commonwealth law claims against the individual co-defendants.

With regards to the Commonwealth law claims, Gordils and Serrano argue that because they were not notified of the pending administrative claims, the supplemental state law claims, which have a statute of limitations of one year, were never tolled. Docket # 10 at 10; Leon Nogeruas v. Univerity of Puerto Rico, 964 F. Supp. 585, 588-589 (D.P.R. 1997). This is relevant, because there is no question Gordils and Serrano respond to possible individual liability under Law 69 and Law 100. Mejias Miranda v. BBII Acquisition Corp., 120 F. Supp. 2d 157, 172 (D.P.R. 2000). Furthermore, as those laws seek to penalize acts of discrimination, as does Law 3, this Court assumes there is an individual cause of action under Law 3 interpreting it in pari materia with Law 100. Martinez v. Blanco Velez Store, Inc., 393 F. Supp. 2d 108, 114 (D.P.R. 2005).

Puerto Rico law allows for the tolling of a statute of limitations in a discrimination case through an extra judicial claim. P.R. Laws Ann. tit. 31, § 5303. However, this only tolls for identical causes of action. Valentin-Almeyda v. Municipality of Aguadilla, 447 F.3d 85, 101 (1st Cir. 2006). Speaking to the issue of extrajudicial claims in Title VII cases, the First Circuit has allowed EEOC complaints to toll the statue of limitations for the applicable Commonwealth

discrimination statutes. Id.; see also Rodriguez-Torres v. Caribbean Forms Mfr., Inc., 399 F.3d 52, 61 (1st Cir. 2005). Moreover, claims under Law 69 and Law 100 have been given parallel treatment to general damages claims. Keyla Rosario Toledo v. Distribuidora Kikuet,151 P.R. Dec. 634, 644-645 (2000). As such, Law 69 and Law 100 are treated as suits for enhanced damages for the discriminatory behavior, and thus, it is apodictic that Defendants should be considered jointly liable given how causes of actions for damages are treated under Commonwealth law. Id.; P.R. Laws Ann. tit. 31, § 5304 (stating that the "[i]nterruption of prescription of actions in joint obligations equally benefits or injures all the creditors or debtors."); see, e.g., Guadalupe v. Criollas, No. 07-1459, 2008 U.S. Dist. LEXIS 107170 (D.P.R. Dec. 9, 2008).

Under Puerto Rico law, a claim against one jointly liable party tolls the statute of limitations against the others. Tokyo Marine & Fire Ins. Co. v. Perez y Cia., de P.R., Inc., 142 F.3d 1, 4 (1st Cir. 1998) (referring to Arroyo v. Hospital La Concepcion, 130 P.R. Dec. 596 (1992)). Therefore, this Court finds that the one year statute of limitations for the abovementioned Commonwealth law claims was effectively tolled against Gordils and Serrano. Defendants' motion to dismiss the individual Law 3, Law 69, and Law 100 claims against on these grounds is **DENIED**.

Title VII Employee Threshold

To qualify as an "employer" under Tiltle VII a company must have more than 15 employees, working for twenty or more weeks in the year the discriminatory practice takes place. De Jesus v. LTT Card Servs, 474 F.3d 16, 18 (1st Cir. P.R. 2007) (citing 42 U.S.C. § 2000e(b)). Furthermore, Fatini recently reaffirmed Congress' intent to ". . . protect small entities [with less than 15 employees] from the costs associated with litigating discrimination claims . . ." Fatini, No. 07-2026, slip. op. at 15.

GSA alleges that its personnel roll is comprised of no more than 6 employees, but Plaintiff counters that in fact it employs an "indefinite amount of captive sales agents." See

Docket # 14 at 11. She further argues that Gordils and Serrano should be considered as employees for the purpose of this analysis. However, Gordils and Serrano's standing as employees is not at present relevant, because their inclusion would only bring the number of staff up to 4-8. Instead, at controversy is Plaintiff's allegation that a significant number of insurance sales agents should be counted as GSA employees. See Docket # 11-2, Exh. 1. Given that a threshold jurisdictional issue is before this Court, regarding the number of people employed by GSA during the relevant period, Defendants' motion to dismiss on these grounds is **DENIED** without **Prejudice.** The parties are granted a period of **30 days** to engage in discovery exclusively related to this issue, and another **10 days** to file briefs regarding the results of said discovery. Certified translations of all documents in the Spanish language must be filed with the briefs. No extensions of time shall be granted.

       **IT IS SO ORDERED**.

       San Juan, Puerto Rico, this 16th day of March, 2009.


                           *S/ Salvador E. Casellas*
                           SALVADOR E. CASELLAS
                           U.S. District Judge